**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INDEX EXCHANGE INC.,<br><br>Defendant. | Case No. 1:25-cv-10517<br><br>Judge Matthew F. Kennelly<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT INDEX EXCHANGE INC.'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**


INTRODUCTION ....... 1

BACKGROUND ....... 2

ARGUMENT ....... 4

I. This Court Lacks Personal Jurisdiction Over Index Exchange ....... 4

A. Index Exchange Is Not Subject to General Jurisdiction in Illinois ....... 5

B. Plaintiff Has Not Shown That Index Exchange Is Subject To Specific Jurisdiction in Illinois ....... 6

1. Index Exchange Does Not Purposefully Direct Complaint-Related Activity to Illinois ....... 6

2. Baker's Claim Does Not Arise Out of or Relate to Index Exchange's Unidentified Forum-Related Activities ....... 7

3. Exercising Jurisdiction Over Index Exchange Would Be Unfair ....... 8

II. The Complaint Fails to State a Claim and Should be Dismissed Under Rule (12)(b)(6) ....... 9

A. Legal Standard Under Rule 12(b)(6) and the ECPA ....... 10

B. Plaintiff Fails to Allege Interception by Index Exchange of the "Contents" of Communications ....... 11

C. Even if "Contents" Were Intercepted, BibleGateway.com Is a Party to the Communication and Consented ....... 13

D. There Is No Plausible Allegation of Interception for a Criminal or Tortious Purpose ....... 13

1. The BSD Rule Does Not Apply to Index Exchange Because Index Exchange Is Not a "U.S. Person" ....... 14

2. The Complaint Fails to Plead Sufficient Facts to Infer That Temu Is a "Covered Person" ....... 14

CONCLUSION ....... 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
751 F.3d 796 (7th Cir. 2014) ....................7, 8

*Am. Health Info. Mgmt. Ass'n v. Archetype Innovations, LLC*,
No. 23 C 3363, 2024 U.S. Dist. LEXIS 97058 (N.D. Ill. May 31, 2024)....................7

*Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*,
860 F.3d 489 (7th Cir. 2017) ....................11

*Art Ask Agency v. Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Assn's identified on Amended Schedule A Hereto*, No. 25 CV 04359, 2025 WL 2880231 (N.D. Ill. Oct. 9, 2025)....................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................10

*B.D. by & through Myer v. Samsung SDI Co.*,
91 F.4th 856 (7th Cir. 2024) ....................6, 7, 9

*be2 LLC v. Ivanov*,
642 F.3d 555 (7th Cir. 2011) ....................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................10

*Bristol-Myers Squibb Co. v. Super. Ct.*,
582 U.S. 255 (2017)....................6, 7, 9

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)....................8, 9

*Curry v. Revolution Lab'ys, LLC*,
949 F.3d. 385 (7th Cir. 2020) ....................6, 7

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)....................5

*Doe v. Columbia Coll. Chicago*,
933 F.3d 849 (7th Cir. 2019) ....................10

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) ....................12

*Durukan Am., LLC v. Rain Trading, Inc.*,
787 F.3d 1161 (7th Cir. 2015) ....................4

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*Hannant v. Culbertson*,
No. 4:24-cv-04164-SLD-RLH, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025) ........................12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)........................................................................................................5

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) ..........................................................................................12

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)........................................................................................................4

*J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*,
965 F.3d 571 (7th Cir. 2020) ............................................................................................4

*Manchester United Football Club Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
No. 24 CV 5692, 2024 WL 5202272 (N.D. Ill. Dec. 23, 2024) ...............................................4

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*,
623 F.3d 440 (7th Cir. 2010) ............................................................................................7

*N. Grain Marketing, LLC v. Greving*,
743 F.3d 487 (7th Cir. 2014) ............................................................................................8

*Orgone Capital III, LLC v. Daubenspeck*,
912 F.3d 1039 (7th Cir. 2019) ..........................................................................................11

*Pickering v. ADP Dealer Servs., Inc.*,
No. 12 C 6256, 2013 WL 996212 (N.D. Ill. Mar. 13, 2013) ...................................................5

*Purdue Rsch. Found. v. Sanofi–Synthelabo, S.A.*,
338 F.3d 773 (7th Cir. 2003) ............................................................................................5

*Q.J. v. PowerSchool Holdings, LLC*,
No. 23 C 5689, 2025 WL 2410472 (N.D. Ill. Aug. 20, 2025)......................................4, 5, 7, 8

*Smith v. Loyola Univ. Med. Ctr.*,
No. 1:23-cv-15828, 2024 WL 3338941 (N.D. Ill. July 9, 2024) ............................................12

*Stein v. Edward-Elmhurst Health*,
No. 23-cv-14515, 2025 WL 580556 (N.D. Ill. Feb. 21, 2025)...............................................11

*Tee Turtle LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A to Complaint*,
No. 25 CV 02910, 2025 WL 2880218 (N.D. Ill. Oct. 9, 2025)............................................4, 8

*Tobey v. Chibucos*,
890 F.3d 634 (N.D. Ill. 2025) ..........................................................................................11

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*,
304 F. Supp. 2d 1018 (N.D. Ill. 2004) ....................................................................................4

*Williamson v. Curran*,
714 F.3d 432 (7th Cir. 2013) ...............................................................................................11

**STATUTES AND RULES**

18 U.S.C. § 2511 ...............................................................................................................11, 13

Electronic Communications Privacy Act ("ECPA") ....................................................... *passim*

Fed. R. Civ. P. 12(b) .....................................................................................................1, 4, 9, 10

Fed. R. Evid. 201(a) ..................................................................................................................11

Fed. R. Evid. 201(b) ..................................................................................................................11

**OTHER AUTHORITIES**

28 C.F.R. § 202.211 ..................................................................................................................14

28 C.F.R. § 202.256 ...............................................................................................................3, 14

28 C.F.R. § 202.301 .............................................................................................................13, 14

## INTRODUCTION

Defendant Index Exchange Inc. respectfully moves to dismiss the claims asserted against it in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Index Exchange is a Canadian advertising exchange that runs digital auctions to enable its publisher clients ("Publishers") to sell ad space on their digital properties, including websites and mobile applications. One of those websites is BibleGateway.com. Plaintiff John Baker alleges Index Exchange wiretapped him when its software sent to Index Exchange the addresses of BibleGateway webpages he visited so that Index Exchange could, within milliseconds, display advertisements on the BibleGateway pages he was viewing. Baker alleges this routine internet advertising process violates the Electronic Communications Privacy Act ("ECPA"), the federal criminal wiretap act.

Plaintiff's allegations fail at the threshold. First, this Court lacks specific personal jurisdiction over Index Exchange. Plaintiff does not allege that Index Exchange purposefully directed any activity toward Illinois or that any alleged injury arose from Index Exchange's conduct connected to Illinois. The exercise of jurisdiction over Index Exchange under these circumstances is unreasonable and would offend due process. Second, even if this Court had jurisdiction, Plaintiff still fails to plead an ECPA violation. The Complaint does not plausibly allege that Index Exchange intercepted the "contents" of any electronic communication under ECPA. And while the Complaint alleges in conclusory terms that Index Exchange received the full URLs of webpages Plaintiff visited without his consent, it nonetheless acknowledges that BibleGateway.com's publisher consented to that conduct by integrating Index Exchange's code into its site. Finally, Plaintiff's assertion that Index Exchange violated the U.S. Department of

Justices's so-called Bulk Sensitive Data Rule (the "BSD Rule") also fails. As a Canadian company, Index Exchange is not subject to that rule, and even if it were, the Complaint fails to allege any facts that Index Exchanged transferred data to a government or person prohibited by the rule. Accordingly, the Complaint must be dismissed.

## BACKGROUND

Index Exchange is an advertising exchange incorporated under the laws of Ontario, Canada and has its principal place of business in Toronto. Declaration of Neil Dorken ("Dorken Decl."), ¶¶ 1–2. It has no facilities, offices, or operations in Illinois. *Id.* ¶ 6. Contrary to Plaintiff's allegations, Index Exchange's principal place of business is not New York. *Id.* ¶ 4. It has a U.S. subsidiary based there, but that subsidiary is not a defendant, nor does it have any role in the conduct alleged in the Complaint. *See id.* ¶ 4–5.

Website publishers that work with Index Exchange configure their sites to make their ad inventory available on Index Exchange's platform. Only after the publisher configures its website can Index Exchange receive data from the website and generate a bid request. Complaint ¶¶ 18-25. Index Exchange does not operate, control, or maintain the websites that Publishers choose to integrate with Index Exchange, nor does it install or deploy code on Publishers' digital properties. Publishers of websites—such as BibleGateway.com in this case—choose to implement Index Exchange's code on their sites. Dorken Decl. ¶ 8. BibleGateway.com is also not based in Illinois; it is published by HarperCollins Publishers, which identifies New York, NY as its place of business. *Id.* ¶ 7. Index Exchange did not direct BibleGateway.com to target Illinois residents. *Id.* ¶ 7–8.

Baker alleges he regularly visited BibleGateway.com and that during those visits, Index Exchange received the URLs of the webpages he visited. Compl. ¶¶ 42–45, 66. The Complaint does not allege that the URLs contain search terms or other content-specific information that

would reveal the substance, purpose, or meaning of Plaintiff's communications under ECPA. Rather, the URLs identify only the addresses of the pages visited—which constitute record information, not protected "contents" under the statute. Compl. ¶ 66.

BibleGateway.com implemented Index Exchange's advertising code on its website. Compl. ¶¶ 44–45, 50. In doing so, BibleGateway.com consented to sending to Index Exchange the URLs of its webpages that visitors to its website view so that demand-side partners, who made bids for ad inventory, can place ads on those webpages on behalf of agencies and advertisers. Index Exchange only receives information about the webpages on BibleGateway.com that Illinois users visit when those visitors affirmatively navigate their browsers to BibleGateway.com. Dorken Decl. ¶ 9. Index Exchange receives this information when a demand-side partner sends an ad request to Index Exchange, notifying Index Exchange that inventory is available for action through our exchange. *Id.* ¶ 10.

Plaintiff speculates that Index Exchange transmitted his data to Temu and claims that such transmission violated ECPA and the U.S. Department of Justice's recently promulgated BSD Rule. Compl. ¶¶ 6, 52, 72. However, Index Exchange is not a "U.S. person" as defined under 28 C.F.R. § 202.256, and Plaintiff pleads no facts to plausibly allege that Index Exchange is subject to the BSD Rule. Dorken Decl. ¶¶ 2–3.

Plaintiff also offers no well-pleaded facts to support the assertion that Temu qualifies as a "covered person" under the BSD Rule. Instead, the Complaint includes speculative and contradictory allegations—claiming, for instance, that Temu is subject to Chinese law while also acknowledging that its parent company, PDD Holdings, has its principal executive offices in Ireland. Compl. ¶ 72. Temu's U.S. operations are conducted through Whaleco, Inc., a U.S.-registered and headquartered company. Declaration of Tyler Newby ("Newby Decl."), ¶¶ 2-5, Exs. A-D.

## ARGUMENT

### I. THIS COURT LACKS PERSONAL JURISDICTION OVER INDEX EXCHANGE

A complaint must be dismissed if the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The Illinois long-arm statute is "coextensive with the Federal Constitution's Due Process Clause" and confers personal jurisdiction if "permitted by the Illinois Constitution and the Constitution of the United States." *Manchester United Football Club Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 CV 5692, 2024 WL 5202272, at *2 (N.D. Ill. Dec. 23, 2024). A court may, as authorized by federal due process, exercise personal jurisdiction if the defendant has minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Tee Turtle LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A to Complaint*, No. 25 CV 02910, 2025 WL 2880218, at *1 (N.D. Ill. Oct. 9, 2025) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted)).

Personal jurisdiction may be either general or specific. *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020). When a defendant moves to dismiss a complaint for lack of personal jurisdiction under Rule 12(b)(2), it is the plaintiff's burden to demonstrate both the existence of personal jurisdiction and the facts in support thereof. *See Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163–64 (7th Cir. 2015). The Court may consider affidavits in opposition to jurisdiction, and all uncontested facts in such affidavits are taken as true. *Q.J. v. PowerSchool Holdings, LLC*, No. 23 C 5689, 2025 WL 2410472, at *2 (N.D. Ill. Aug. 20, 2025); *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1021 (N.D. Ill. 2004). "If the defendant submits affidavits in support of the motion, 'the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the

exercise of jurisdiction.'" *Pickering v. ADP Dealer Servs., Inc.*, No. 12 C 6256, 2013 WL 996212, at *2 (N.D. Ill. Mar. 13, 2013) (quoting *Purdue Rsch. Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003)).

**A. Index Exchange Is Not Subject to General Jurisdiction in Illinois**

A defendant is subject to general jurisdiction only where it has "continuous and systematic general business contacts" with the forum. *Purdue Rsch. Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). The Supreme Court has made clear that a business is subject to general jurisdiction only in the states where it is incorporated and has its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014).

Index Exchange is not subject to general jurisdiction in this Court because it is not "at home" in this forum. *See Q.J.*, 2025 WL 2410472, at *3. Index Exchange is not incorporated in, nor does it have its principal place of business in, Illinois. *See* Dorken Decl. ¶¶ 1–2. Rather, it is incorporated under Ontario, Canada law and has its headquarters in Toronto, Canada. *Id*. ¶¶ 1–2. Contrary to Plaintiff's allegations in the Complaint, Index Exchange does not have its principal place of business in New York. Compl. ¶ 14. Index Exchange USA, LLC, an Index Exchange Inc. affiliate, has its principal place of business in New York. Dorken Decl. ¶ 4. However, Index Exchange Inc.'s supply-side platform ("SSP") is operated entirely by Index Exchange Inc.; Index Exchange USA, LLC does not develop or operate Index Exchange Inc.'s SSP. *Id*. ¶ 5. Dorken Decl. ¶¶ 3–4. Moreover, Index Exchange does not have any facilities, offices, or operations in Illinois. Dorken Decl. ¶ 6. Plainly, general jurisdiction does not apply.

### B. Plaintiff Has Not Shown That Index Exchange Is Subject To Specific Jurisdiction in Illinois

"Specific personal jurisdiction rests on 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024) (quoting *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017) (cleaned up)). For there to be specific jurisdiction, there must be: "(1) purposeful availment—the defendant must have purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the forum; (2) relatedness—the alleged injury must arise out of or relate to the defendant's forum-related activities; and (3) fairness—the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *B.D. by & through Myer*, 91 F.4th at 861; *see also Curry v. Revolution Lab'ys, LLC*, 949 F.3d. 385, 398 (7th Cir. 2020).

#### 1. Index Exchange Does Not Purposefully Direct Complaint-Related Activity to Illinois

To prove that Index Exchange purposefully avails itself of Illinois, Baker must show that Index Exchange engaged in complaint-related conduct directed at Illinois and that Index Exchange knows or should know its product is being used in the forum. *B.D. by & through Myer*, 91 F.4th 861. The Complaint fails to show Index Exchange has sufficient relevant minimum contacts with Illinois. Rather, Plaintiff alleges that Index Exchange provided code to the operator of the BibleGateway.com website, which is not operated from Illinois, which put that code on its website so that it automatically sent the URLs of pages Plaintiff Baker visited to Index Exchange when the operator of BibleGateway.com made ad requests. Compl. ¶¶ 42–45. Index Exchange's de minimis contacts with Illinois are serendipitous at most; it receives the addresses of webpages of a non-Illinois website Baker visited only when Baker decided to visit

that website and only in the context of an ad request by the operator of the website. Index Exchange does not operate the BibleGateway.com website, but even if it did, merely maintaining a website that end users access in the forum is not sufficient to establish specific jurisdiction. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440 (7th Cir. 2010); *see also Q.J.*, 2025 WL 2410472, at *3 ("The Seventh Circuit has 'consistently ... declined to fashion a special jurisdictional test for Internet-based cases;' instead, it makes the same 'traditional due process inquiry' it makes in all other contexts.") (quoting *Curry*, 949 F.3d at 398).

#### 2. Baker's Claim Does Not Arise Out of or Relate to Index Exchange's Unidentified Forum-Related Activities

A defendant's minimum contacts with the forum must be "suit-related." *B.D. by & through Myer*, 91 F.4th at 861–62. "But when there is 'no such connection [between the forum and the particular claims at issue], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'" *Id.* at 862 (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 264).

Plaintiff's claims do not arise out of forum-directed conduct by Defendant Index Exchange. Even if Index Exchange did operate the website, access to an interactive website is insufficient to establish jurisdiction regardless of whether the plaintiff was physically located in the forum state when the defendant's website was accessed. *See e.g., be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (finding that access to an interactive website was insufficient to convey personal jurisdiction over the defendant); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014), *as corrected* (May 12, 2014) (finding insufficient contact for specific jurisdiction where defendant sent emails to Indiana residents and operated an interactive website used by Indiana residents); *Am. Health Info. Mgmt.*

*Ass'n v. Archetype Innovations, LLC*, No. 23 C 3363, 2024 U.S. Dist. LEXIS 97058, at *9 (N.D. Ill. May 31, 2024) (operating an interactive website for educational materials was not sufficient for personal jurisdiction, even if users in Illinois used the website); *Tee Turtle*, 2025 WL 2880218, at *2 (maintaining an e-commerce platform that is accessible in Illinois, without more, such as confirmation of purchase or shipment to an Illinois address, was insufficient to allow specific jurisdiction over the defendants); *Art Ask Agency v. Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Assn's identified on Amended Schedule A Hereto*, No. 25 CV 04359, 2025 WL 2880231 (N.D. Ill. Oct. 9, 2025) (same).

The only Illinois-related conduct Plaintiff alleges is that he visited the BibleGateway.com website, presumably while in Illinois, and that the BibleGateway.com website, which is not located in Illinois. sent information about his visit to Index Exchange. Compl. ¶¶ 13, 16, 17, 42. Plaintiff cannot establish specific personal jurisdiction solely based on his own conduct. In other words, a plaintiff "cannot be the only link between the defendant and the forum." *Q.J.*, 2025 WL 2410472, at *3 (quoting *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 802). Since Plaintiff's claims do not arise out of any forum-directed conduct by Defendant Index Exchange Inc., this Court does not have specific jurisdiction over Index Exchange.

**3. Exercising Jurisdiction Over Index Exchange Would Be Unfair**

Since Plaintiff has failed to show minimum contacts with Illinois, this Court does not need to consider whether requiring Index Exchange to litigate this suit in Illinois offends traditional notions of fair play and substantial justice. *Q.J.,* 2025 WL 2410472, at *5 (quoting *N. Grain Marketing, LLC v. Greving*, 743 F.3d 487, 496 (7th Cir. 2014). However, even if Plaintiff could satisfy the first two elements of personal jurisdiction, the exercise of jurisdiction over Index Exchange would not comport with fair play and substantial justice and is therefore unfair. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). In making this determination, courts in the

Seventh Circuit "look to several factors, including the burden on the defendant, the interests of the plaintiff and the forum state, the interest in efficient resolution of the dispute, and the shared interest of states in furthering certain substantive social policy." *B.D. by & through Myer*, 91 F.4th at 862 (citing *Burger*, 471 U.S. at 477).

Applying these factors, the imposition of specific jurisdiction over Index Exchange would be unfair. As discussed in detail above, Defendant Index Exchange Inc. is a Canadian company, with its principal place of business in Canada, that did not direct any suit-related activity to Illinois. Dorken Decl. ¶ 2–3, 6. Forcing Index Exchange to litigate in Illinois would be an unreasonable burden. Index Exchange should not be required to litigate in a forum, simply because a third party, that it is not connected to or responsible for, operates a generally available website that an Illinois resident presumably visited while in Illinois. Such a finding would effectively subject Index Exchange to nationwide, general jurisdiction, which would be unreasonable. While Illinois may have an interest in resolving the disputes of its citizens, the exercise of jurisdiction by Illinois courts over such disputes must be fair and reasonable. These jurisdictional restrictions "are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States." *Bristol-Myers Squibb Co.,* 582 U.S. at 263 (citation omitted).

In sum, these factors show that requiring Index Exchange to defend this case in Illinois under this Court's jurisdiction would be unreasonable, violate due process, and offend traditional notions of fair play and justice.

## II. THE COMPLAINT FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED UNDER RULE (12)(B)(6)

Should the Court determine that personal jurisdiction exists, Index Exchange, in the alternative, moves to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). The

Complaint fails to allege any facts leading to a plausible inference that Index Exchange knowingly transmitted data to a foreign government or prohibited entity, nor that it did so for a criminal or tortious purpose. Plaintiff's speculative theory of liability rests entirely on unfounded assumptions about data transfers and mischaracterizations of corporate ownership of Temu. Contrary to Plaintiff's supposition, Index Exchange is a Canadian company that did not engage in any direct communication with Plaintiff, did not intercept "contents" of electronic communications, and acted with the consent of and at the request for an ad by the website that is party to the communication.

### A. Legal Standard Under Rule 12(b)(6) and the ECPA

To state a claim for relief that will survive a Rule 12(b)(6) motion, a complaint must plead "particularized factual content, not conclusory allegations, that allows the court to plausibly infer the defendant is liable for the alleged misconduct." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019). A claim is plausible if the facts permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or "a formulaic recitation of the elements" are insufficient; "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On a Rule 12(b)(6) motion, the court accepts well-pleaded facts as true but disregards "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The court then determines whether those facts "plausibly give rise to an entitlement to relief," drawing on "experience and common sense." *Id.* at 679.

To plead an ECPA claim, a plaintiff must allege facts giving rise to a plausible inference that the defendant "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication,

(5) using a device." *Stein v. Edward-Elmhurst Health*, No. 23-cv-14515, 2025 WL 580556, at *3 (N.D. Ill. Feb. 21, 2025). The ECPA prohibits the intentional interception of the "contents" of any wire, oral, or electronic communication using a device, unless any party to the communication has consented or another statutory exception applies. *See id.*; 18 U.S.C. § 2511(1)(a), (1)(c), and (2)(d). However, the party exception does not apply if "such communication is intercepted for the purpose of committing any criminal or tortious act." *Id.*

When ruling on a motion to dismiss, the Court may consider—in addition to the allegations in the complaint—information subject to judicial notice. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Tobey v. Chibucos*, 890 F.3d 634, 648 (N.D. Ill. 2025) ("courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts but may take judicial notice of findings of fact from another court proceeding only if the fact is not subject to reasonable dispute."). Federal Rule of Evidence 201 allows courts to take judicial notice of "adjudicative facts" and other facts not subject to reasonable dispute that are either "generally known" in the community, or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b); *see also Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017). Matters of public record are properly subject to judicial notice. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019).

### B. Plaintiff Fails to Allege Interception by Index Exchange of the "Contents" of Communications"

Plaintiff's ECPA claim fails because it alleges only that Index Exchange receives non-content webpage address information, not the contents of communications. Plaintiff alleges that full-page URLs qualify as the "contents" of a communication under the ECPA. Compl. ¶ 66. They are not. The "contents" of a communication are defined as "any information concerning the

substance, purport, or meaning of [a] communication." *Smith v. Loyola Univ. Med. Ctr.*, No. 1:23-cv-15828, 2024 WL 3338941, at *6 (N.D. Ill. July 9, 2024). As one court in the Northern District of Illinois has explained, "metadata like URLs" are generally "record information," not "contents," unless the URL reveals a user's search query or similar communication. *Smith*, 2024 WL 3338941, at *6 (citing *Doe v. Meta Platforms, Inc.,* 690 F. Supp. 3d 1064, 1076 (N.D. Cal. 2023); *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014)). As the *Smith* court clarified, "courts have differentiated between [URLs] that provide 'basic identification and address information,' and those that disclose a 'search term or similar communication made by the user.' While the former constitutes record information, the latter qualifies as 'content' for purposes of the ECPA." 2024 WL 3338941 at *6 (internal citations omitted).

In *Smith*, the complaint identified URLs that included search terms for specific medical conditions, which was the differentiating factor for a sufficient allegation that "contents" were intercepted. 2024 WL 3338941 at *6*; see c.f. Hannant v. Culbertson*, No. 4:24-cv-04164-SLD-RLH, 2025 WL 2413894, at *5 (C.D. Ill. Aug. 20, 2025). In *Hannat*, the court granted a motion to dismiss the plaintiff's ECPA claims when the transmitted health-related website URLs "revealed the plaintiff's 'status as a patient' and her 'patient portal activity' but provided no detail as to what information was disclosed that demonstrated her patient status or what activities she took with respect to the patient portal." 2025 WL 2413894 at *5.

Here, Plaintiff does not allege that the URLs or other data transmitted by Index Exchange contain search terms or queries; they merely identify the pages visited. Analogously to the plaintiff in *Hannat*, Plaintiff's URLs may reveal his "status" as a religious text reader and guidance seeker, but do not provide any detail as to the substance of the information on the BibleGateway.com webpages. Plaintiff fails to allege that Index Exchange intercepted any "contents" in violation of the ECPA.

### C. Even if "Contents" Were Intercepted, BibleGateway.com Is a Party to the Communication and Consented

Even if the information at issue could be considered "contents," Plaintiff's claim fails because the ECPA expressly permits interception where one party to the communication consents. 18 U.S.C. § 2511(2)(d). As the Complaint acknowledges, Publishers of websites like BibleGateway.com that want to receive ads from Index Exchange's networks must integrate Index Exchange's code onto their website in order for Index Exchange to receive the page URLs that a site visitor views. Complaint ¶¶ 50, 63–65. BibleGateway.com consented to Index Exchange's involvement in the transmittal of Plaintiff's data by integrating its technology. The Complaint acknowledges that Index Exchange's tracking code was installed on BibleGateway.com, and that Index Exchange received and shared data as a result. Compl. ¶¶ 44–45, 50, 65. When Plaintiff visited BibleGateway.com to read scripture and engage with the website's religious content, he and the website were the parties to that communication. Compl. ¶¶ 42–43. Because BibleGateway.com is a party to the communication that consented to the transmittal of Plaintiff's data, Index Exchange did not violate the ECPA.

### D. There Is No Plausible Allegation of Interception for a Criminal or Tortious Purpose

Given BibleGateway.com's consent, Plaintiff attempts to invoke the "crime-tort exception" to the one-party consent rule, alleging that Index Exchange's conduct was in furtherance of a criminal or tortious act—specifically, the unlawful transmission of information about U.S. users' browsing history to a prohibited foreign entity in violation of the BSD Rule. The BSD Rule prohibits U.S. persons from knowingly engaging in a covered data transaction involving data brokerage with a country of concern or covered person, unless otherwise authorized. 28 C.F.R. § 202.301. However, Index Exchange is not a "U.S. Person" as defined by the BSD Rule, and the Complaint's allegations are speculative and conclusory as to whether

Temu is a "covered person" under the Rule. Plaintiff cannot establish that the "crime-tort" exception applies.

**1. The BSD Rule Does Not Apply to Index Exchange Because Index Exchange Is Not a "U.S. Person"**

The BSD Rule prohibits only transactions by U.S. Persons. *See e.g.* 28 C.F.R. § 202.301. With respect to organizations, the BSD Rule defines a "U.S. person" to be "*any entity organized solely under the laws of the United States* or any jurisdiction within the United States (including foreign branches); or any person in the United States." 28 C.F.R. § 202.256 (emphasis added). Index Exchange is incorporated under Ontario, Canada law and has its headquarters in Toronto, Canada. Dorken Decl. ¶¶ 2–3. Plaintiff does not plead facts showing that Index Exchange is a "U.S. person" under § 202.256. As Canada is not under the jurisdiction of the United States, Index Exchange is not a "U.S. person" by definition and so Index Exchange cannot violate the BSD Rule.

**2. The Complaint Fails to Plead Sufficient Facts to Infer That Temu Is a "Covered Person"**

Plaintiff's allegations that Index Exchange transmitted his data to Temu do not establish that Index Exchange transmitted data to a "covered person" in violation of the BSD Rule. A "covered person" under the BSD Rule includes foreign entities fifty-percent(+) owned by, or organized under, a country of concern, including China; employees or residents of such countries; or any person determined by the Attorney General to be controlled by or acting for a country of concern. 28 C.F.R. § 202.211.

The Complaint merely speculates that Temu is "associated with a country of concern." Compl. ¶ 52. Plaintiff does not plead sufficient facts showing that Temu is a covered person under § 202.211. Conclusory allegations that Temu is "Chinese-owned" or affiliated with a "country of concern" are insufficient. Compl. ¶¶ 6, 72. The Complaint makes implausible

allegations that Temu is "subject to Chinese law" even though Plaintiff concedes that Temu's parent company, PDD Holdings has its "principal executive offices in Ireland." Compl. ¶ 72. Temu is the brand name of Whaleco, Inc., a Boston, Massachusetts based company that is incorporated in Delaware. Newby Decl. ¶¶ 2-5, Exs. A-D[1]. None of the facts—offered by Plaintiff or publicly available—support the allegation that Temu is fifty percent or more owned by China to qualify as a "covered person" under the BSD Rule. Thus, Plaintiff fails to plausibly allege that Index Exchange has violated the BSD Rule, or that the "crime-tort exception" to the ECPA one-party consent rule applies.

**CONCLUSION**

For the foregoing reasons, Index Exchange. respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

Dated: October 31, 2025

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*

Tyler G. Newby (Admitted *Pro Hac Vice*)
tnewby@fenwick.com
Samantha Cox-Parra (Admitted *Pro Hac Vice*)
scox-parra@fenwick.com
555 California St., 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2495

Noah Solowiejczyk (Admitted *Pro Hac Vice*)
nsolowiejczyk@fenwick.com
**FENWICK & WEST LLP**
902 Broadway, 18th Floor
New York, NY 10010
Telephone: (212) 430-2600

Joan Liu-Kim (Admitted *Pro Hac Vice*)
joanieliu-kim@fenwick.com
**FENWICK & WEST LLP**
801 California Street

[1] These documents are matters of public record that are subject to judicial notice.

Mountain View, CA 94041-1990
Telephone: (650) 988-8500

Steve P. Mandell
smandell@mandellpc.com
Bryan G. Lesser
blesser@mandellpc.com
**MANDELL P.C.**
1 North Franklin Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 251-1000

Attorneys for Defendant
INDEX EXCHANGE INC.