**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN BAKER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>INDEX EXCHANGE INC., a Canadian Corporation, and INDEX EXCHANGE USA, LLC, a Michigan Limited Liability Company<br><br>        Defendants. | Case No. 1:25-cv-10517<br><br><br>Judge Matthew F. Kennelly<br><br>**ORAL ARGUMENT REQUESTED** |

**INDEX EXCHANGE INC. AND INDEX EXCHANGE USA, LLC'S**
**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS THE FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

ARGUMENT .........................................................................................................................3

I.     This Court Lacks Personal Jurisdiction Over Defendants ......................................3

       A.     Defendants Are Not Subject to General Jurisdiction in Illinois .................4

       B.     Defendants Are Not Subject to Specific Jurisdiction in Illinois .................5

             1.     Defendants Do Not Purposefully Direct Relevant Conduct to Illinois .........................................................................................6

             2.     Exercising Jurisdiction Over Defendants Would Be Unfair ............8

II.     The FAC Should Be Dismissed Under Rule (12)(b)(6) .........................................9

       A.     Legal Standard Under Rule 12(b)(6) and the ECPA .................................9

       B.     BibleGateway.com Is a Party to Communications to its Site and Consented to Index Exchange's Receipt of Data to Respond to Ad Requests ........................................................................................10

       C.     The FAC Does Not Allege Interception for a Criminal or Tortious Purpose .........................................................................................11

             1.     The BSD Rule Does Not Apply to Index Exchange Because Index Exchange Is Not a "U.S. Person" ..........................11

             2.     Plaintiff Fails to Plead Alter Ego Liability ...................................12

                   a.     Plaintiff's Reverse-Imputation Theory Misuses Alter-Ego Doctrine as a Jurisdictional Shortcut ...............12

                   b.     Plaintiff's Alter Ego Allegations Fail Under Michigan Law .................................................................13

                   c.     Plaintiff's Alter Ego Allegations Fail Under Illinois Law .........................................................................14

             3.     The FAC Fails to Plead Sufficient Facts to Infer that Temu Is a "Covered Person" ...................................................................14

CONCLUSION.....................................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
751 F.3d 796 (7th Cir. 2014) ...................................................................................7, 8

*Am. Health Info. Mgmt. Ass'n v. Archetype Innovations, LLC*,
No. 23 C 3363, 2024 U.S. Dist. LEXIS 97058 (N.D. Ill. May 31, 2024)................................6

*Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*,
860 F.3d 489 (7th Cir. 2017) ...................................................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................9

*B.D. by & through Myer v. Samsung SDI Co.*,
91 F.4th 856 (7th Cir. 2024) ...........................................................................5, 6, 8

*be2 LLC v. Ivanov*,
642 F.3d 555 (7th Cir. 2011) .....................................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................9

*Bristol-Myers Squibb Co. v. Super. Ct.*,
582 U.S. 255 (2017)........................................................................................5, 6, 8

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)................................................................................................8

*Cosgrove Distributors, Inc. v. Haff*,
343 Ill. App. 3d 426, 798 N.E.2d 139 (2003) ........................................................13

*Curry v. Revolution Lab'ys, LLC*,
949 F.3d. 385 (7th Cir. 2020) ...................................................................................5

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)................................................................................................4

*Doe v. Columbia Coll. Chicago*,
933 F.3d 849 (7th Cir. 2019) .....................................................................................9

*Durukan Am., LLC v. Rain Trading, Inc.*,
787 F.3d 1161 (7th Cir. 2015) ...................................................................................4

**Page(s)**

*Fontana v. TLD Builders, Inc.*,
362 Ill. App. 3d 491, 840 N.E.2d 767 (2005) ...............................................................12, 13, 14

*Gallagher v. Persha*,
315 Mich. App. 647, 891 N.W.2d 505 (2016) ...........................................................................13

*Gledhill v. Fisher & Co.*,
272 Mich. 353 (1935) ..........................................................................................................12, 13, 14

*Green v. Ziegelman*,
310 Mich. App. 436 (2015) .......................................................................................................12

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)....................................................................................................................4

*J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*,
965 F.3d 571 (7th Cir. 2020) ......................................................................................................4

*Manchester United Football Club Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
No. 24 CV 5692, 2024 WL 5202272 (N.D. Ill. Dec. 23, 2024) ..................................................3

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*,
623 F.3d 440 (7th Cir. 2010) ......................................................................................................6

*N. Grain Marketing, LLC v. Greving*,
743 F.3d 487 (7th Cir. 2014) ......................................................................................................8

*Orgone Capital III, LLC v. Daubenspeck*,
912 F.3d 1039 (7th Cir. 2019) ..................................................................................................10

*Pickering v. ADP Dealer Servs., Inc.*,
No. 12 C 6256, 2013 WL 996212 (N.D. Ill. Mar. 13, 2013) ......................................................4

*Purdue Rsch. Found. v. Sanofi–Synthelabo, S.A.*,
338 F.3d 773 (7th Cir. 2003) ......................................................................................................4

*Q.J. v. PowerSchool Holdings, LLC*,
No. 23 C 5689, 2025 WL 2410472 (N.D. Ill. Aug. 20, 2025)..............................................4, 7, 8

*Smith v. SMS Grp., Inc.*,
No. 22-cv-1303-DWD, 2023 WL 3791718 (S.D. Ill. June 2, 2023) ............................................7

*Stein v. Edward-Elmhurst Health*,
No. 23-cv-14515, 2025 WL 580556 (N.D. Ill. Feb. 21, 2025) ..................................................10

*Tee Turtle LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A to Complaint*,
No. 25 CV 02910, 2025 WL 2880218 (N.D. Ill. Oct. 9, 2025) ..................................4

*Tobey v. Chibucos*,
890 F.3d 634 (N.D. Ill. 2025) ..................................9

*Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*,
304 F. Supp. 2d 1018 (N.D. Ill. 2004) ..................................4

*Wachovia Sec., LLC v. Banco Panamericano, Inc.*,
674 F.3d 743 (7th Cir. 2012) ..................................12

*Williamson v. Curran*,
714 F.3d 432 (7th Cir. 2013) ..................................9

**STATUTES AND RULES**

18 U.S.C. § 2511..................................10, 11

Electronic Communications Privacy Act of 1986 ("ECPA") ................................. *passim*

Fed. R. Civ. P. 12(b) ..................................1, 3, 4, 9

Fed. R. Evid. 201 ..................................9, 10

**OTHER AUTHORITIES**

28 C.F.R. § 202.211 ..................................15

28 C.F.R. § 202.256 ..................................3, 11

28 C.F.R. § 202.301 ..................................11

**INTRODUCTION**

Defendants Index Exchange Inc. ("Index Exchange") and Index Exchange USA, LLC ("USA, LLC") respectfully move to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Index Exchange is a Canadian internet advertising supply side platform ("SSP") that enables its clients ("Publishers") to sell ad space on their digital properties, including mobile applications and websites like BibleGateway.com. USA, LLC is an affiliate of Index Exchange and is a separate entity based in New York. Plaintiff alleges Defendants wiretapped him when Index Exchange's code on BibleGateway.com sent the URLs of webpages he visited to Index Exchange so that it could display advertisements on the pages he was viewing.

Plaintiff's allegations fail at the threshold. First, this Court lacks personal jurisdiction over Defendants. Plaintiff does not allege any facts that, if true, show that Defendants purposefully directed complaint-related conduct toward Illinois or that any alleged injury arose from Defendants' conduct connected to Illinois. Second, even if this Court had jurisdiction, Plaintiff still fails to plead an Electronic Communications Privacy Act ("ECPA") violation. While the FAC alleges in conclusory terms that Defendants received the full URLs of webpages Plaintiff visited without his consent, it nonetheless acknowledges that BibleGateway.com's publisher consented to that conduct by integrating Index Exchange's code into its site. Finally, Plaintiff's assertion that Defendants violated the U.S. Department of Justice's so-called Bulk Sensitive Data Rule (the "BSD Rule") also fails. As a Canadian company, Index Exchange is not subject to that rule, and Plaintiffs do not sufficiently plead alter ego liability through its affiliate, USA, LLC. Finally, the FAC fails to allege any facts that Defendants transferred data to a government or person prohibited by the rule. Accordingly, the FAC must be dismissed.

1

## BACKGROUND

Index Exchange operates an SSP. It is incorporated under the laws of Ontario, Canada and has its principal place of business in Toronto. Declaration of Neil Dorken in support of Defendants' Motion to Dismiss the First Amended Complaint ("Dorken Decl."), ¶¶ 2-3. It has no facilities, offices, or operations in Illinois. *Id*. ¶¶ 6-7. Contrary to Plaintiff's allegations, Index Exchange Inc.'s principal place of business is not New York. *Id*. ¶ 4. USA, LLC is a U.S. affiliate of Index Exchange that is organized under Michigan law and has its principal place of business in New York. *See id*. USA, LLC does not operate the Index Exchange SSP or otherwise have any role in the conduct alleged in the FAC. *See id*. ¶¶ 4-5.

When a publisher like BibleGateway.com uses Index Exchange's SSP, the website publisher integrates Index Exchange's software code into its website code. Dorken Decl. ¶ 9. Website publishers like BibleGateway.com that work with Index Exchange configure their sites to make their ad inventory available on Index Exchange's platform. *Id*. Only after the publisher configures its website can Index Exchange receive data from the website and generate a bid request. *Id*.; FAC ¶¶ 23-30. Index Exchange does not operate, control, or maintain the BibleGateway.com website, nor does it install or configure the code on that site. Dorken Decl. ¶¶ 8, 9. BibleGateway.com is not based in Illinois; it is published by HarperCollins Publishers, which identifies New York, New York as its place of business. *Id*. ¶ 8. Index Exchange did not direct BibleGateway.com to target Illinois residents. *Id*. ¶ 8-9.

BibleGateway.com implemented Index Exchange's advertising code on its website. *Id*. ¶ 9; FAC ¶¶ 49–50, 59. In doing so, BibleGateway.com consented to sending to Index Exchange the URLs of its webpages that visitors to its website view so that demand-side partners, who made bids for ad inventory, can place ads on those webpages on behalf of agencies and advertisers. Index Exchange receives information about the webpages on BibleGateway.com that Illinois

users visit only when those visitors affirmatively navigate their browsers to a BibleGateway.com page with an ad request. Dorken Decl. ¶ 10. Index Exchange receives this information when a publisher client of Index Exchange sends an ad request to Index Exchange, notifying Index Exchange that inventory is available for action through its platform. *Id*. ¶ 11.

Plaintiff speculates that Index Exchange transmitted his data to Temu and claims that such transmission violated the ECPA and the U.S. Department of Justice's recently promulgated BSD Rule. FAC ¶¶ 6, 38-42; 45-46; 81-90. But Index Exchange is not a "U.S. person" as defined under 28 C.F.R. § 202.256, and USA, LLC is not its alter ego and has no role in the conduct alleged in the FAC. Plaintiff pleads no facts that create a plausible inference that Index Exchange is subject to the BSD Rule.

Plaintiff also offers no well-pleaded facts to support the assertion that Temu qualifies as a "covered person" under the BSD Rule. Instead, the FAC includes speculative and contradictory allegations—claiming, for instance, that Temu is subject to Chinese law while also acknowledging that its parent company, PDD Holdings, has its principal executive offices in Ireland. FAC ¶¶ 39, 81. Publicly available records show that Temu's U.S. operations are conducted through Whaleco, Inc., a U.S.-registered and headquartered company. Declaration of Tyler Newby in support of Defendants' Motion to Dismiss the First Amended Complaint ("Newby Decl."), ¶¶ 2-5, Exs. A-D.

## ARGUMENT

### I. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

A complaint must be dismissed if the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Illinois' long-arm statute is "coextensive with the Federal Constitution's Due Process Clause" and confers personal jurisdiction if "permitted by the Illinois Constitution and the Constitution of the United States." *Manchester United Football Club Ltd. v. P'ships &*

*Unincorporated Ass'ns Identified on Schedule A*, No. 24 CV 5692, 2024 WL 5202272, at *2 (N.D. Ill. Dec. 23, 2024). A court may exercise personal jurisdiction if the defendant has minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Tee Turtle LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A to Complaint*, No. 25 CV 02910, 2025 WL 2880218, at *1 (N.D. Ill. Oct. 9, 2025) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted)).

Personal jurisdiction may be either general or specific. *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020). When a defendant moves to dismiss a complaint for lack of personal jurisdiction under Rule 12(b)(2), it is the plaintiff's burden to demonstrate both the existence of personal jurisdiction and the facts in support thereof. *See Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163–64 (7th Cir. 2015). The Court may consider affidavits in opposition to jurisdiction, and all uncontested facts in such affidavits are taken as true. *Q.J. v. PowerSchool Holdings*, *LLC*, No. 23 C 5689, 2025 WL 2410472, at *2 (N.D. Ill. Aug. 20, 2025); *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1021 (N.D. Ill. 2004). "If the defendant submits affidavits in support of the motion, 'the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.'" *Pickering v. ADP Dealer Servs., Inc.*, No. 12 C 6256, 2013 WL 996212, at *2 (N.D. Ill. Mar. 13, 2013) (quoting *Purdue Rsch. Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003)).

### A.     Defendants Are Not Subject to General Jurisdiction in Illinois

A business is subject to general jurisdiction only in the states where it is incorporated and has its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014). Index Exchange does not meet these criteria. Index Exchange is not incorporated in, nor does it

have its principal place of business in, Illinois. *See* Dorken Decl. ¶¶ 2-3. It is incorporated under Ontario, Canada law and has its headquarters in Toronto, Canada. *Id.* USA, LLC also is not at home in Illinois. It was organized under Michigan law, and it has its principal place of business in New York. FAC ¶ 15; Dorken Decl. ¶ 4. Neither Index Exchange nor USA, LLC has facilities, offices, or operations in Illinois. Dorken Decl. ¶ 6. The Chicago "in office" job postings the FAC identifies are due to Index Exchange configuring its recruitment software to list major cities where Index Exchange can operationally support employees who could work on a "hybrid" basis. Index Exchange listed major cities, and hired candidates can work on-site where offices exist or remotely from other supported locations. *Id.* ¶ 7, Ex. A. Defendants are not subject to general jurisdiction in Illinois.

**B.     Defendants Are Not Subject to Specific Jurisdiction in Illinois**

The FAC fails to establish specific jurisdiction. "Specific personal jurisdiction rests on 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024) (quoting *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017) (cleaned up)). Specific jurisdiction requires proof of: "(1) purposeful availment—the defendant must have purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the forum; (2) relatedness—the alleged injury must arise out of or relate to the defendant's forum-related activities; and (3) fairness—the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *B.D. by & through Myer*, 91 F.4th at 861; *see also Curry v. Revolution Lab'ys, LLC*, 949 F.3d. 385, 398 (7th Cir. 2020).

**1.      Defendants Do Not Purposefully Direct Relevant Conduct to Illinois**

To prove specific jurisdiction, Plaintiff must show that Defendants directed complaint-related conduct to Illinois and that Defendants knew or should have known their services were used there. *B.D. by & through Myer*, 91 F.4th at 861. "But when there is 'no such connection [between the forum and the claims at issue], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'" *Id.* at 862 (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 264). The FAC fails to allege relevant complaint-related conduct directed at Illinois.

Plaintiff's allegation that Index Exchange provided code to the operator of the BibleGateway.com website does not show Defendants' purposeful direction of conduct into Illinois. BibleGateway.com's operator is not based in Illinois. Dorken Decl. ¶ 8, Ex. B. At most, the FAC alleges that BibleGateway.com's operator incorporated Index Exchange code on the site so that when someone visited a page with an ad request, the site would send to Index Exchange the URL of that page so that an advertisement would be displayed. FAC ¶¶ 47–50; *see also* Dorken Decl. ¶ 9-11. These actions happen regardless of where a visitor to BibleGateway.com happens to be located. Index Exchange's connection to Illinois was serendipitous and not purposefully directed at Illinois. *See, e.g., be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (finding that access to an interactive website was insufficient to convey personal jurisdiction over the defendant); *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440 (7th Cir. 2010) (merely operating a website that end users access in the forum is not sufficient to establish specific jurisdiction); *Am. Health Info. Mgmt. Ass'n v. Archetype Innovations, LLC*, No. 23 C 3363, 2024 U.S. Dist. LEXIS 97058, at *9 (N.D. Ill. May 31, 2024) (operating an interactive website for educational materials was not sufficient for personal jurisdiction, even if users in Illinois used the website).

Plaintiff further alleges solely on information and belief that Index Exchange knew its SSP received Illinois residents' data and that they intentionally bundle Illinois residents' data (including location data) and transmit it to demand-side advertising partners, who may then bid to display ads to Illinois residents. FAC ¶ 17. But this allegation, even if true, does not allege purposeful direction of conduct into Illinois; it alleges receipt of data from Illinois. Plaintiff cannot establish specific personal jurisdiction solely based on his own conduct. In other words, a plaintiff "cannot be the only link between the defendant and the forum." *Q.J.*, 2025 WL 2410472, at *3 (quoting *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 802).

The FAC does not allege Defendants designed their platform or business practices to target Illinois users or that partnerships, bidding decisions, or data transmissions were directed at Illinois over other states. The alleged conduct—collecting user data from all visitors to a non-Illinois website, packaging it, and disseminating it to advertisers—is a nationwide practice that applies equally to users located anywhere in the United States. FAC ¶¶ 17, 18. Courts squarely reject that personal jurisdiction exists just because a defendant could foresee that users in a specific state would be harmed by their product. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014), *as corrected* (May 12, 2014) (discussing that knowledge of plaintiff's location alone is not a basis for jurisdiction).

Finally, Plaintiff's allegation, again solely on information and belief, that Defendants "negotiated and entered into contracts in Illinois related to operating their RTB platform" is conclusory and insufficient to carry his burden. FAC ¶ 17. The FAC identifies no basis for this "information and belief" other than Plaintiff's speculation. Courts have consistently held that "upon information and belief" allegations are not sufficient to establish personal jurisdiction facts in a complaint. *Smith v. SMS Grp., Inc.*, No. 22-cv-1303-DWD, 2023 WL 3791718, at *5, n.2 (S.D. Ill. June 2, 2023) ("Typically, jurisdictional allegations made 'upon information and

belief' are not sufficient to establish federal jurisdiction.").  Even if there were some factual basis for this allegation, it fails to establish a link between the supposed contracts and the allegedly wrongful conduct at issue.  FAC ¶ 17.  Without factual allegations explaining how such contracts directly relate to the challenged RTB data practices, there is no "arise out of or relate to" connection.  *Bristol-Myers Squibb*, 582 U.S. at 264–65.

Since Plaintiff's claims do not arise out of any forum-directed conduct by Defendants, this Court does not have specific jurisdiction over them.  *Advanced Tactical Ordnance Sys.,* 751 F.3d at 801 ("mere fact that defendant's conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.") (cleaned up).

### 2. Exercising Jurisdiction Over Defendants Would Be Unfair

Even if Plaintiff could satisfy the first two elements of personal jurisdiction, the exercise of jurisdiction over Defendants would not comport with fair play and substantial justice and is therefore unfair.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *Q.J.,* 2025 WL 2410472, at *5 (quoting *N. Grain Marketing, LLC v. Greving*, 743 F.3d 487, 496 (7th Cir. 2014)).  In determining whether the exercise of jurisdiction would comport with fair play and substantial justice, courts in the Seventh Circuit "look to several factors, including the burden on the defendant, the interests of the plaintiff and the forum state, the interest in efficient resolution of the dispute, and the shared interest of states in furthering certain substantive social policy." *B.D. by & through Myer*, 91 F.4th at 862 (citing *Burger King*, 471 U.S. at 477).  These jurisdictional restrictions "are more than a guarantee of immunity from inconvenient or distant litigation.  They are a consequence of territorial limitations on the power of the respective States." *Bristol-Myers Squibb Co.,* 582 U.S. at 263 (citation omitted).

Applying these factors, imposing specific jurisdiction over Defendants would be unfair. Index Exchange should not be required to litigate in a forum, simply because a third party, that it is

not connected to or responsible for, operates a generally available website that an Illinois resident claims to have visited. Such a finding would effectively subject Index Exchange to nationwide, general jurisdiction, which would be unreasonable. The same is true for USA, LLC, which plays no role in the operation of the SSP. Dorken Decl. ¶ 4-5. Bringing USA, LLC into court in Illinois, where it lacks any contacts, would neither further the interests of Plaintiff nor would be helpful for the efficient resolution of the dispute because it has no relevant information.

In sum, requiring Defendants to defend this case in Illinois would be unreasonable, violate due process, and offend traditional notions of fair play and justice.

## II. THE FAC SHOULD BE DISMISSED UNDER RULE (12)(B)(6)

### A. Legal Standard Under Rule 12(b)(6) and the ECPA

Should the Court determine that personal jurisdiction exists, Index Exchange moves to dismiss the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To state a claim that will survive a Rule 12(b)(6) motion, a complaint must plead "particularized factual content, not conclusory allegations, that allows the court to plausibly infer the defendant is liable for the alleged misconduct." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019). "Labels and conclusions" or "a formulaic recitation of the elements" are insufficient; "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On a Rule 12(b)(6) motion, the court accepts well-pleaded facts as true but disregards "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

When ruling on a motion to dismiss, the Court may consider—in addition to the allegations in the complaint—information subject to judicial notice. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Tobey v. Chibucos*, 890 F.3d 634, 648 (N.D. Ill. 2025). Federal Rule of Evidence

201 allows courts to take judicial notice of "adjudicative facts" and other facts not subject to reasonable dispute that are either "generally known" in the community, or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b); *see also Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017). Matters of public record are properly subject to judicial notice. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019).

To plead an ECPA violation, a plaintiff must allege facts supporting a plausible inference that the defendant "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *Stein v. Edward-Elmhurst Health*, No. 23-cv-14515, 2025 WL 580556, at *3 (N.D. Ill. Feb. 21, 2025). There can be no ECPA violation if any party to the communication has consented. *See id.*; 18 U.S.C. § 2511(1)(a), (1)(c), and (2)(d). This exception does not apply, however, in the limited circumstance that "such communication is intercepted for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d).

**B.     BibleGateway.com Is a Party to Communications to its Site and Consented to Index Exchange's Receipt of Data to Respond to Ad Requests**

Plaintiff's claim fails because the ECPA expressly permits interception where one party to the communication consents. 18 U.S.C. § 2511(2)(d). As the FAC acknowledges, publishers of websites like BibleGateway.com that want to receive ads through Index Exchange's SSP must integrate Index Exchange's code onto their website for Index Exchange to receive the page URLs that a site visitor views. FAC ¶¶ 24, 27, 40, 59. BibleGateway.com consented to Index Exchange's involvement in the transmittal of Plaintiff's data by integrating its technology. The FAC alleges that Index Exchange's tracking code was installed on BibleGateway.com, and that Index Exchange received and shared data as a result. FAC ¶¶ 49-59, 73-74. When Plaintiff visited

BibleGateway.com to read scripture and engage with the website's religious content, he and the website were the parties to that communication. FAC ¶¶ 47-48. Because BibleGateway.com is a party to the communication that consented to the transmittal of Plaintiff's data, Index Exchange did not violate the ECPA.

### C. The FAC Does Not Allege Interception for a Criminal or Tortious Purpose

Plaintiff attempts to invoke the "crime-tort exception" under 18 U.S.C. § 2511(2)(d) to BibleGateway.com's consent, alleging that Index Exchange's conduct was in furtherance of a criminal or tortious act—specifically, the transmission of information about U.S. visitors' browsing history to a prohibited foreign entity in violation of the BSD Rule. The BSD Rule prohibits U.S. persons from knowingly engaging in a covered data transaction involving data brokerage with a country of concern or covered person, unless otherwise authorized. 28 C.F.R. § 202.301. But the BSD Rule does not apply for two reasons. First, Index Exchange is not a "U.S. Person" as defined by the BSD Rule, and the BSD Rule therefore does not apply to it. Second, the FAC's allegations are speculative and conclusory as to whether Temu is a "covered person" under the Rule. Plaintiff thus cannot establish that the "crime-tort exception" applies.

### 1. The BSD Rule Does Not Apply to Index Exchange Because Index Exchange Is Not a "U.S. Person"

The BSD Rule prohibits only data transfers by "U.S. Persons." *See e.g.* 28 C.F.R. § 202.301. With respect to organizations, the BSD Rule defines a "U.S. person" to be "*any entity organized solely under the laws of the United States* or any jurisdiction within the United States (including foreign branches); or any person in the United States." 28 C.F.R. § 202.256 (emphasis added). Index Exchange is incorporated under Ontario, Canada law and has its headquarters in Toronto, Canada. Dorken Decl. ¶¶ 2-3. Index Exchange is therefore not a "U.S. person" and cannot violate the BSD Rule.

### 2. Plaintiff Fails to Plead Alter Ego Liability

Recognizing that Index Exchange is not a "U.S. Person," Plaintiff argues that USA, LLC, which is based in the U.S., is Index Exchange's alter ego. The FAC does not allege sufficient facts to plead alter ego liability. Federal courts sitting in Illinois apply the law of the state of incorporation to veil-piercing and alter ego claims, which in this case is Michigan law. *See, e.g., Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751–52 (7th Cir. 2012) (holding that courts must apply incorporating state's substantive law when determining whether corporate separateness should be disregarded). This approach respects both traditional conflict-of-law rules and the incorporating state's legislative framework governing corporate entities.

USA, LLC is a Michigan limited liability company, and thus Michigan alter ego law applies. FAC ¶ 15, 19-22. Michigan law, articulated in *Gledhill v. Fisher & Co.*, 272 Mich. 353 (1935) and applied in *Green v. Ziegelman*, 310 Mich. App. 436 (2015), requires the plaintiff to establish all of the following: (1) the entity is a mere instrumentality of its owner; (2) the entity was used to commit fraud or wrongdoing; and (3) misuse of the entity caused an unjust loss to the plaintiff. Michigan law is more exacting than Illinois's two-prong test that permits veil piercing where there is unity of interest and ownership and where adhering to corporate separateness would sanction fraud or promote injustice. *See Fontana v. TLD Builders, Inc.*, 362 Ill. App. 3d 491, 840 N.E.2d 767 (2005). Plaintiff's allegations fail under either standard.

#### a. Plaintiff's Reverse-Imputation Theory Misuses Alter-Ego Doctrine as a Jurisdictional Shortcut

The FAC alleges that Index Exchange Inc., a foreign parent company, wholly owns USA, LLC, shares officers and headquarters, and could control USA, LLC if it chose to. FAC ¶¶ 19–22. None of the pleaded facts, however, allege that USA, LLC controls or operates Index Exchange Inc. On the contrary, Plaintiff's theory reverses the usual direction of alter-ego liability by seeking

to hold the affiliate responsible for conduct that, by Plaintiff's own description, was undertaken by its parent—such as operating an RTB platform and engaging in data transactions. The alter-ego doctrine in both Michigan and Illinois imposes liability on the controlling entity for the acts of its controlled entity, not the reverse. *See, e.g.*, *Fontana*, 362 Ill. App. 3d at 512 (liability flowing from controlling entity to controlled entity); *Gledhill v. Fisher & Co.*, 272 Mich. 353, 357–59 (1935) (liability flowing upward from subsidiary to parent).

Plaintiff's allegations may suggest that Index Exchange can control USA, LLC, but they do not allege that USA, LLC directs or operates the parent's SSP business. Instead, Plaintiff seeks to leverage USA, LLC's domestic status to attribute all of Index Exchange's conduct to USA, LLC—thereby manufacturing "U.S. person" status for the parent. This is not a genuine veil-piercing claim; it is a procedural shortcut aimed at creating jurisdiction over a foreign entity. By collapsing corporate distinctions in reverse, Plaintiff attempts to reclassify Index Exchange without satisfying the requirements of Michigan or Illinois law. Veil piercing is an extraordinary remedy, applied sparingly to prevent abuse of the corporate form—not a device to rewrite jurisdictional facts or expand regulatory definitions. *See e.g.*, *Gallagher v. Persha*, 315 Mich. App. 647, 891 N.W.2d 505 (2016); *Cosgrove Distributors, Inc. v. Haff*, 343 Ill. App. 3d 426, 798 N.E.2d 139 (2003). The pleadings allege no misuse of USA, LLC to perpetrate fraud, no unjust loss arising from such alleged misuse, and no substantive inequity warranting disregard of corporate separateness. What they do show is an effort to stretch alter-ego doctrine beyond its limits to circumvent statutory and constitutional constraints on this Court's jurisdiction. That effort should be rejected.

### b.   Plaintiff's Alter Ego Allegations Fail Under Michigan Law

Even if Plaintiff had alleged an alter ego theory that could impute USA, LLC's conduct to Index Exchange, Plaintiff's allegations do not satisfy Michigan's three-part *Gledhill* test. The

13

allegations that Index Exchange wholly owns USA, LLC, that both share a CEO, that they list the same principal address, and that USA, LLC allegedly lacks separate capitalization or operations address, at most, the "mere instrumentality" prong. FAC ¶¶ 19-22. Missing entirely are well-pleaded facts showing that USA, LLC was *used to commit specific fraud* or wrongdoing beyond the underlying claims in this suit, or that Plaintiff suffered an *unjust loss* because of such misuse. The allegations show only that USA, LLC exists as a corporate affiliate within the Index Exchange corporate structure, but they do not show that USA, LLC was used as a bad-faith instrumentality. This failure on elements two and three of the *Gledhill* test is dispositive.

<strong>c.    Plaintiff's Alter Ego Allegations Fail Under Illinois Law</strong>

Even if Illinois's alter ego test were to apply, Plaintiff fails to allege that Index Exchange is USA, LLC's alter ego. The FAC alleges the first prong's "unity of interest and ownership" factors—like inadequate capitalization, commingling of funds, and absence of separate records—only in conclusory terms. Plaintiff offers no specific factual support, merely asserting that USA, LLC lacks operations, capitalization, customers, and purpose apart from Index Exchange. These unsupported allegations are speculative and conclusory and insufficient to satisfy the first prong.

The second prong requires fraud, injustice, or inequitable consequences from respecting separateness. *Fontana*, 362 Ill. App. 3d at 492. Plaintiff identifies no fraud perpetrated through USA, LLC, nor any inequity other than that treating the entities as separate would prevent Index Exchange Inc. from being classified as a "U.S. person" for purposes of the BSD Rule at issue. This is not a substantive injustice—it is a procedural frustration of Plaintiff's litigation strategy.

<strong>3.    The FAC Fails to Plead Sufficient Facts to Infer that Temu Is a "Covered Person"</strong>

Plaintiff's allegations that Index Exchange transmitted his data to Temu do not establish that Index Exchange transmitted data to a "covered person" in violation of the BSD Rule. A

14

"covered person" under the BSD Rule includes foreign entities fifty-percent(+) owned by, or organized under, a country of concern, including China; employees or residents of such countries; or any person determined by the Attorney General to be controlled by or acting for a country of concern.  28 C.F.R. § 202.211.

The FAC merely speculates that Temu is "associated with a country of concern."  FAC ¶¶ 61, 81.  Plaintiff does not plead facts showing that Temu is a covered person under § 202.211. Conclusory allegations that Temu is "Chinese-owned" or affiliated with a "country of concern" are insufficient.  FAC ¶¶ 6, 81.  The FAC makes implausible allegations that Temu is "subject to Chinese law" even though Plaintiff concedes that Temu's parent company, PDD Holdings has its "principal executive offices in Ireland."  FAC ¶ 81.   Temu is the brand name of Whaleco, Inc., a company based in Boston, Massachusetts, that is incorporated in Delaware.  Newby Decl. ¶¶ 2-5, Exs. A-D.[1]  No facts support the allegation that Temu is fifty percent or more owned by China to qualify as a "covered person" under the BSD Rule.  Thus, Plaintiff fails to plausibly allege that Index Exchange has violated the BSD Rule, or that the "crime-tort exception" to the ECPA one-party consent rule applies.

### CONCLUSION

For the foregoing reasons, Index Exchange respectfully requests that the Court dismiss the FAC with prejudice.

Respectfully submitted,

Dated:  December 15, 2025

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*_____
    Tyler G. Newby (Admitted *Pro Hac Vice*)
    tnewby@fenwick.com
    Samantha Cox-Parra (Admitted *Pro Hac Vice*)

---

[1] These documents are matters of public record that are subject to judicial notice.

scox-parra@fenwick.com
555 California St., 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2495

Noah Solowiejczyk (Admitted *Pro Hac Vice*)
nsolowiejczyk@fenwick.com
**FENWICK & WEST LLP**
902 Broadway, 18th Floor
New York, NY 10010
Telephone:  (212) 430-2600

Joan Liu-Kim (Admitted *Pro Hac Vice*)
joanieliu-kim@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041-1990
Telephone:  (650) 988-8500

Steve P. Mandell
smandell@mandellpc.com
Bryan G. Lesser
blesser@mandellpc.com
**MANDELL P.C.**
1 North Franklin Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 251-1000

**Attorneys for Defendants**
*Index Exchange Inc. and*
*Index Exchange USA, LLC*