**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INDEX EXCHANGE INC., a Canadian Corporation, and INDEX EXCHANGE USA, LLC, a Michigan Limited Liability Company<br><br>Defendants. | Case No. 1:25-cv-10517<br><br>Judge Matthew F. Kennelly<br><br>**ORAL ARGUMENT REQUESTED** |

**DECLARATION OF NEIL DORKEN IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

I, Neil Dorken, declare as follows:

1. I am the Chief Financial Officer of Index Exchange Inc. I am competent to testify, and I make this declaration based on my personal knowledge.

2. Index Exchange Inc. is incorporated under the laws of Ontario, Canada.

3. Index Exchange Inc. has its headquarters and principal place of business in Toronto, Canada.

4. Index Exchange Inc. does not have its principal place of business in New York, as alleged in the complaint. An Index Exchange Inc. affiliate, Index Exchange USA, LLC, has its principal place of business in New York and was organized under Michigan law.

5. Index Exchange USA, LLC does not develop or operate Index Exchange Inc.'s internet advertising supply-side platform ("SSP") or the code that website developers integrate into their websites to use the SSP. Index Exchange USA, LLC signs leases for real estate in the United States and is the employer of Index Exchange employees that reside in the United States.

Index Exchange Inc. develops, operates, and maintains its SSP.

6. Index Exchange Inc. and Index Exchange USA, LLC do not have any facilities, offices, or operations in Illinois.

7. I am aware that the First Amended Complaint in this case alleges that Index Exchange has "as of mid-November 2025, advertised 'in office' roles for their Chicago office including for an 'Engineering Manager' in their Technology Operations Department and for a 'Staff Storage Engineer – Ceph', in their 'Technology Operations Department, Cloud Platform Division.'" Neither Index Exchange Inc. nor Index Exchange USA, LLC has an office in Chicago or anywhere else in the state of Illinois. Instead, this job posting, a copy of which is attached as **Exhibit A**, is for a "hybrid" job opening in which the employee could work remotely from multiple regions around the world. When posting for hybrid job openings, Index Exchange's recruitment team configures the recruitment software platform it uses—Gem Software—to list major cities in countries where Index Exchange is registered and can operationally support an employee, with the goal of casting a wide net to a larger application pool. Talented applicants would work on-site in cities where Index Exchange has an office that could accommodate them, or primarily remotely in other locations. As shown in this particular posting, London, Chicago, Toronto, Berlin, and Bangalore are all listed, even though the position is "#LI-Hybrid."

8. Index Exchange Inc. does not develop, publish, or operate the BibleGateway.com website. The Terms of Use agreement on BibleGateway.com's website identifies Harper Collins Christian Publishing as the publisher, and lists its address as New York, NY. A copy of BibleGateway.com's Terms of Use, located at https://www.biblegateway.com/legal/terms/, is attached as **Exhibit B**.

9. When a publisher like BibleGateway.com uses Index Exchange's SSP, the website publisher integrates Index Exchange's software code into its website code. Website publishers like BibleGateway.com that work with Index Exchange configure their sites to make their ad inventory available on Index Exchange's platform. Only after the publisher configures its website can Index Exchange receive data from the website and generate a bid request.

10. Index Exchange Inc. receives information about the webpages on BibleGateway.com that users visit only when those visitors affirmatively navigate their browsers to BibleGateway.com.

11. Index Exchange receives webpage information when a publisher partner like BibleGateway.com sends an ad request to Index Exchange, notifying Index Exchange that inventory is available for auction through its SSP.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/15/2025

Neil Dorken
Neil Dorken