**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INDEX EXCHANGE INC., a Canadian Corporation, and INDEX EXCHANGE USA, LLC, a Michigan Limited Liability Company<br><br>Defendants. | Case No. 1:25-cv-10517<br><br>Judge Matthew F. Kennelly<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' SUPPLEMENTAL REPLY**
**IN SUPPORT OF MOTION TO DISMISS**
**THE FIRST AMENDED COMPLAINT**

**INTRODUCTION AND BACKGROUND**

Plaintiff Baker's supplemental opposition fails to show that Defendants Index Exchange Inc. ("Index Exchange") and Index Exchange USA, LLC's ("USA, LLC") contacts with Illinois are related to the acts alleged in the First Amended Complaint ("FAC") or that the Court's exercise of jurisdiction would be fair.

As to specific jurisdiction's relatedness requirement, none of the jurisdictional discovery has shown that Defendants' Illinois-directed conduct relates to Plaintiff's claim that Index Exchange transferred his personal information to Temu, which he alleges is majority-owned by the Chinese government, in violation of the U.S. DOJ's Bulk Sensitive Data ("BSD") Rule. While jurisdictional discovery has shown that (a) Index Exchange works with a small number of Illinois publishers and an even smaller number of demand side ad buyers, and (b) that Illinois residents received ads that were placed by advertisers through Index Exchange's supply-side platform

("SSP"), the FAC does not challenge the general operation of Index Exchange's SSP or its role in enabling websites to sell advertising space to all advertisers. Instead, Plaintiff bases his claim solely on alleged intentional transfers to a company that it alleges is majority owned by a foreign power regulated by the BSD Rule. FAC ¶ 6. But the jurisdictional discovery shows no act of intentional targeting by Defendants to transfer Illinois residents' personal data to Temu.

Second, it would offend traditional notions of fair play and substantial justice to require Defendants to litigate in Illinois based solely on the fact that Plaintiff happened to be in Illinois when he visited BibleGateway.com, which itself has no ties to Illinois. Index Exchange Inc. is a Canadian corporation with no facilities, offices, or data centers in Illinois. (Dorken Decl. ¶ 6.) USA, LLC has no role in operating the SSP or the conduct alleged in the FAC. (*Id.* ¶ 5.) Plaintiff points to three Illinois-based employees and Index Exchange's agreements with Illinois companies, but none of these contacts has any connection to the alleged data transfer to Temu that forms the basis of Plaintiff's Electronic Communications Privacy Act ("ECPA") claim.

Plaintiff has now received thorough jurisdictional discovery, and no further discovery or amendment could cure the defects in the FAC. The Court should dismiss with prejudice.

## ARGUMENT

For the purposes of this motion only, Defendants do not contest whether Plaintiff has satisfied the purposeful availment requirement for specific jurisdiction. But the jurisdictional discovery does not establish the other two requirements for specific jurisdiction: relatedness and fairness. Jurisdictional discovery revealed the following:

Index Exchange's real-time bidding ("RTB") process delivered approximately [redacted] ad impressions to users associated with Illinois IP addresses over a one-year period. (Supp. Opp. Ex. D, INDEXINC_000264.) This figure alone does not show that Index Exchange targets Illinois users; it simply shows that third-party advertisers have used Index Exchange's platform to display

advertisements on websites or mobile apps visited by people in Illinois—the same way third parties use Index Exchange's infrastructure in every other state. And this figure represents the total number of times ads were displayed—not unique users. Index Exchange cannot confirm whether individual visitors are the same across any two sessions. (Supp. Opp. Ex. E, Index Exchange Supp. Resp. to RFP 19.) Since there are not [redacted] people on Earth, let alone in the state of Illinois, it is obvious that this figure represents the number of ads displayed on devices in Illinois, not the number of people who saw ads.

Index Exchange has contracts with a small number of Illinois-based publishers and demand-side platforms (Supp. Opp. Ex. F, INDEXINC_000263), but BibleGateway.com and Temu—the two entities at the center of Plaintiff's claims—are *not* among those Illinois-based publishers or advertisers. (*Id.*) Nor are any others that Plaintiff contends are majority owned by foreign powers that are restricted by the BSD Rule. BibleGateway.com is published by HarperCollins Publishers in New York (Dorken Decl. ¶ 8), and Temu's U.S. operations are conducted through Whaleco, Inc., a Delaware corporation headquartered in Massachusetts (Newby Decl. ¶¶ 2–5, Exs. A–D).

USA, LLC employs three individuals who reside in Illinois. (Supp. Opp. Ex. G, USA, LLC Resp. to Interrog. No. 5.) These employees work in sales and account management roles, and none is involved in the development, operation, maintenance, or administration of the RTB System. (*Id.*) These sales and account responsibilities are not limited in scope to Index Exchange's Illinois-based partners; the three employees provide services to Index Exchange's partners regardless of where they are located. (*Id.*)

[redacted] (Supp. Opp. Ex. H, INDEXUSA_000034–36 §§ 1, 2.1.) [redacted]

[redacted] (*Id.*) [redacted]

(*Id.*) Neither Defendant has any facilities, offices, or data centers in Illinois. (Dorken Decl. ¶ 6.)

**A. Defendants' Contacts Are Not Related to the Alleged Misconduct**

Plaintiff argues that Defendants' contacts satisfy the relatedness prong because Defendants' process of collecting Illinois resident data is "exactly what Plaintiff alleges happened to him." (Supp. Opp. at 7.) But Plaintiff ignores the requirement that "the alleged injury must arise out of or relate to the defendant's forum-related activities." *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024). Plaintiff's complaint does not allege that Index Exchange's SSP transferred his data to just any advertiser. Instead, he bases his ECPA claim on an allegation that Defendants intentionally transferred his data to Temu, which he claims is owned by the Chinese government. This alleged violation of the BSD Rule is the foundation of his claim that the alleged "interception" of his communications with BibleGateway.com was unlawful, even though BibleGateway.com consented to it by using Index Exchange's SSP. The jurisdictional discovery has *not* shown that Defendants' Illinois contacts are related to the alleged BSD Rule violation.

Plaintiff's reliance on *Ford Motor Co. v. Montana Eighth Judicial District Court* is misplaced. There, the Supreme Court held that a strict causal relationship between the defendant's forum contacts and the claims in the case is not required to establish specific jurisdiction. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021). Instead, there must be a strong "'relationship among the defendant, the forum, and the litigation'—the 'essential foundation' of specific jurisdiction." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Defendants here do not argue that Baker must allege a strict causal relationship between his ECPA claim based on a BSD violation and Defendants' forum

contacts. Instead, they argue that Plaintiff cannot show a "strong relationship" of the kind in *Ford Motor Co.* There, the plaintiffs brought product defect claims in Montana and Minesota for accidents that occurred in those states, even though the cars had been purchased in different states. *Ford Motor Co.*, 592 U.S. at 355, 365. That connection between the claims and the defendant's contacts with the forum is critical because the relatedness prong "does not mean anything goes." *Id.* at 362. Rather, "the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Id.*

The Seventh Circuit further explained those limits in *B.D. by & through Myer*. There, an Indiana consumer sued Samsung for injuries he claimed were caused by a specific Samsung battery model that was in an electronic cigarette he had received. 91 F.4th at 859–60. Samsung did not sell that battery model in Indiana and prohibited its use in electronic cigarettes. *Id.* at 859. The court rejected the consumer's argument that Samsung's sale of different battery models in the state established specific jurisdiction, because those other battery models were unrelated to the alleged injury upon which he based his claim. *Id.* Thus, even though the parties agreed that Samsung sold some batteries in the forum, those contacts were unrelated to the plaintiff's specific claims.

Plaintiff's argument here suffers the same flaw. To the extent Plaintiff relies on Index Exchange's commercial contracts with Illinois-based publishers and advertisers that are *not* foreign actors prohibited by the BSD Rule, those Illinois website publishers and DSPs are unrelated to his alleged injuries from the transfer of data to a Chinese government owned company.

This leaves Plaintiff back where he started: there is no evidence Index Exchange took any steps to advertise or collect data from people in Illinois and transfer that data to Temu. At most, Plaintiff can allege Index Exchange received data because of his own visit to BibleGateway.com. But a plaintiff "cannot be the only link between the defendant and the forum." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014)).

**B. Plaintiff's Opposition Ignores the Required Due Process Analysis**

Plaintiff's opposition continues to ignore the burden on Defendants and the irrelevance of USA, LLC to the claims. Index Exchange is a Canadian corporation headquartered in Toronto (Dorken Decl. ¶¶ 2–3), USA, LLC has no role in operating the SSP or publisher code (*id.* ¶ 5), and neither Defendant has facilities, offices, or data centers in Illinois (*id.* ¶ 6). Plaintiff visited a website published by a New York company, and the allegedly improper recipient is headquartered in Massachusetts. Requiring Defendants to litigate in Illinois based on the mere fact that Plaintiff happened to be in Illinois when he visited BibleGateway.com would subject Defendants to jurisdiction in every state where its website publisher customers receive visitors. *See Advanced Tactical*, 751 F.3d at 803. USA, LLC's registration to do business in Illinois is likewise insufficient to satisfy the due process analysis. *See Redd v. Amazon Web Services, Inc.*, 673 F. Supp. 3d 943, 946 (N.D. Ill. 2023) (finding no personal jurisdiction where, aside from a business registration, the only link between defendant and Illinois ran through a third-party application integrating defendant's technology).

Plaintiff argues that Defendants cannot credibly claim surprise that claims stemming from RTB System-related conduct could be subject to an Illinois court. (Supp. Opp. at 8.) But the relevant question is not whether Defendants could be sued somewhere, it is whether jurisdiction in this forum is fair based on Plaintiff's specific claims. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 263–64 (2017) (jurisdictional restrictions "are more than a guarantee of immunity from inconvenient or distant litigation" and "are a consequence of territorial limitations on the power of the respective States"). It is Plaintiff's burden to establish that jurisdiction here is fair, and Defendants have no burden to identify an alternative forum. *Advanced Tactical*, 751 F.3d at 803–04.

## CONCLUSION

For all these reasons, and because the deficiencies in the First Amended Complaint are incurable, the Court should dismiss the First Amended Complaint with prejudice.

Respectfully submitted,

Dated: June 1, 2026

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*

Tyler G. Newby (Admitted *Pro Hac Vice*)
tnewby@fenwick.com
Samantha Cox-Parra (Admitted *Pro Hac Vice*)
scox-parra@fenwick.com
**FENWICK & WEST LLP**
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: (415) 875-2495

Noah Solowiejczyk (Admitted *Pro Hac Vice*)
nsolowiejczyk@fenwick.com
**FENWICK & WEST LLP**
902 Broadway, 18th Floor
New York, NY 10010
Telephone: (212) 430-2600

Joan Liu-Kim (Admitted *Pro Hac Vice*)
joanieliu-kim@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041-1990
Telephone: (650) 988-8500

Steven P. Mandell
smandell@mandellpc.com
Bryan G. Lesser
blesser@mandellpc.com
**MANDELL P.C.**
1 North Franklin Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 215-1001

Attorneys for Defendants
INDEX EXCHANGE INC.
INDEX EXCHANGE USA, LLC